UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:05CV196-EHJ

KIMBERLY POTTER                                                              PLAINTIFF

v.

JO ANNE BARNHART,
Commissioner of Social Security                                             DEFENDANT

### MEMORANDUM OPINION

Plaintiff Kimberly Potter seeks supplemental security income benefits which were denied by the Commissioner. The matter was referred to United States Magistrate Judge W. David King, who recommends that the Decision of the Commissioner be upheld. This Court has conducted a de novo review of the specific, written objections of the plaintiff and finds that the Report and Recommendation of the Magistrate Judge should be adopted and the Decision of the Commissioner should be affirmed.

Ms. Potter claims that she became disabled as a result of a learning disability (Tr. 44). Administrative Law Judge John Lawrence ("ALJ") found that Ms. Potter suffers from severe impairments including a learning disability and borderline intellectual functioning, but that the impairments do not meet or medically equal listed impairments (Tr. 19). Though she has no exertional limitations, Ms. Potter's ability to work was found to be compromised at all exertional levels due to her non-exertional limitations (Tr. 18). Nonetheless, she was found to be capable of making vocational adjustment to work including light exertional bench assembly jobs, hand packing jobs, and production labor jobs (Tr. 19-20).

The plaintiff has filed objections to the Magistrate's Report, arguing that 1) substantial evidence supports her claim for SSI benefits as she is incapable of performing the jobs identified by

the vocational expert, and that because she was found to have no transferrable skills, she cannot be expected to make vocational adjustment to work; 2) plaintiff presented substantial evidence of her mental retardation to meet Listing 12.05(D); and 3) the ALJ committed reversible error by mis-characterizing plaintiff's educational level as a "high school education" when in fact she received an individual education program (IEP) diploma through a special education program.

Plaintiff contends that she is incapable of performing the jobs identified at Step Five of the sequential evaluation process, because she has attempted similar jobs in the past and has failed. The Court has reviewed the evidence of record and finds that the controlling vocational hypothetical posed to the vocational expert included an accurate description of the plaintiff's work history. In addition, the vocational expert was present for the entire hearing, and heard testimony describing plaintiff's past work. Thus, she was well-aware of the claimant's previous work attempts when she identified the bench assembly, hand packing and production labor jobs. Plaintiff characterizes these jobs as being beyond plaintiff's ability because of her short attention span and as involving more complexity than the "simple routine tasks" limitation in the controlling hypothetical. However, she has simply failed to refute that testimony or otherwise show that the vocational testimony is in error. The Court finds that the ALJ properly relied upon the testimony of the vocational expert.

The claimant also argues that it is inconsistent for the ALJ to find her lacking in transferrable skills, yet to be capable of making vocational adjustment to work. The Court finds no inconsistency with the ALJ's findings of no transferrable skills, but a capacity to make vocational adjustment. This is entirely consistent with the claimant's work history which did not include skilled or semi-skilled work, and the ALJ was correct in finding she is capable of making vocational adjustment to work in the economy.

Next plaintiff continues to argue that she meets the listing requirements of 12.05(C) and (D) at the Fourth Step of the sequential evaluation process.  The magistrate thoroughly discusses the requirements for meeting the Listing, finding that plaintiff failed to prove the requisite IQ results before age 22, that claimant's adaptive functioning scores fall above the mental retardation level, and with regard to the degree of functional limitation under (D), the program psychologists found only "mild" restrictions in activities of daily living, "mild" difficulties in maintaining social functioning, "moderate" difficulties in maintaining concentration persistence or pace, and "none" for episodes of decompensation.  The Court concurs with the magistrate and finds that the ALJ's Decision is supported by substantial evidence.

With regard to the high school education issue, the Court agrees that standing alone, the inclusion of a 12th grade education would seemingly overstate claimant's abilities, since she received only an IEP diploma generally reserved for those in special education courses.  However, the vocational expert was present for the entire hearing, and was well-aware of the limitations of her educational background, as the vocational expert heard testimony from both the claimant and her mother about the limitations of the IEP education she received.  Consistent with the position of the Commissioner, the Court finds that someone with reading skills on a third-grade level and math skills at a fifth grad level or "marginal education" is still nonetheless considered capable of performing simple, unskilled work under the Social Security Act, 20 C.F.R. §416.964(b)(2).

After reviewing the record and conducting a de novo review of the matters raised by each of these objections, the Court has determined that the analyses and conclusions of the Magistrate Judge mirror those of the undersigned.  The Court adopts the Magistrate Judge's proposed Report and Recommendation in its entirety.  A Judgment in conformity has this day entered.